1   PAUL L. REIN, Esq. (SBN 43053)
    CELIA MCGUINNESS, Esq. (SBN 159420)
2   CATHERINE M. CABALO, Esq. (SBN 248198)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Drive, Suite A
    Oakland, CA  94612
4   Telephone:  510/832-5001
    Facsimile:   510/832-4787
5   reinlawoffice@aol.com

6   Attorneys for Plaintiff
    TIMOTHY CLEVELAND
7

8   MARTIN H. ORLICK, Esq.
    JEFFER, MANGELS, BUTLER & MITCHELL LLP
9   Two Embarcadero Center, 5th Floor
    San Francisco, CA 94111
10  Telephone:  415/398-8080
    Facsimile:   415/398-5584
11  mho@jmbm.com

12  Attorneys for Defendant
    HERBERT GLOOR
13

14

15                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF CALIFORNIA
16

17  TIMOTHY CLEVELAND,            Case  No. 1:09-cv-02063-AWI-SKO
                                  Civil Rights
18        Plaintiff,

19  v.                           **COURT ENFORCEABLE
                                 SETTLEMENT AGREEMENT AND
20                               ORDER [AS TO INJUNCTIVE RELIEF
    MARIPOSA LODGE; JOAN         AND PLAINTIFF'S DAMAGES ONLY]**
21  GLOOR and HERBERT GLOOR
    dba THE MARIPOSA LODGE;
22  and DOES 1-10, INCLUSIVE,

23        Defendants.
    _____/
24

25        1.    Plaintiff TIMOTHY CLEVELAND filed a Complaint in this action

26  on November 24, 2009, to obtain recovery of damages for his discriminatory

27  experiences, denial of access, and denial of his civil rights, and to enforce

28  provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO          -1-

§§ 12101 *et seq.*, and California civil rights laws against Defendants MARIPOSA LODGE and HERBERT GLOOR dba THE MARIPOSA LODGE (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of May 23, 2008, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 5052 Highway 140, Mariposa, California.

2.     Defendants deny the allegations in the Complaint.  The parties hereby enter into this Court Enforceable Settlement Agreement and Order for the purpose of resolving injunctive relief and damages aspects of this lawsuit without the need for protracted litigation.  Issues of attorney fees, costs and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3.     The parties to this Settlement Agreement and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55**.**

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Settlement Agreement and Order agree to entry of this Order to resolve all claims regarding injunctive relief and Plaintiff's damages raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief and damages .

WHEREFORE, the parties to this Settlement Agreement and Order

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO                    -2-

hereby agree and stipulate to the Court's entry of this Settlement Agreement and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.     This Settlement Agreement and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and Plaintiff's damages that have arisen out of the subject Complaint.

6.     The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order.

a)     **Remedial Measures:** Defendants agree to perform corrective work at the Mariposa Lodge, 5052 Highway 140, Mariposa, California ("Lodge"). The scope of the corrective work agreed upon by the parties is described in **Exhibit A**, attached to this Settlement Agreement and Order.

b)     **Timing of Injunctive Relief**:  Defendants will submit plans for all corrective work to the appropriate governmental agencies within 60 days of the entry of this Settlement Agreement and Order by the Court.  Defendants will commence work within 30 days of receiving approval from the appropriate agencies, except they shall commence work by May 1, 2011 as to exterior items. Defendants will complete all work within 90 days of commencement, except as specified above.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 180

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND ORDER  CASE NO. 1:06-CV-02063 AWI-SKO                -3-

1    days from the entry of this Settlement Agreement and Order.

2           c)    Defendants will notify Plaintiff in writing at the end of 180

3    days as to the current status of agreed to injunctive relief, and every 90 days

4    thereafter until all access is provided.   If Defendants fail to provide injunctive

5    relief on the agreed to timetable and/or fail to provide timely written status

6    notification, and Plaintiff files a motion with the Court to obtain compliance with

7    these terms, Plaintiff reserves the right to seek additional attorney fees for all

8    compliance work necessitated by Defendants' failure to keep their agreement.

9           d)    **Notice and Opportunity to Cure for Alleged Breach of This**

10   **Agreement:** If at any time after the Effective Date of this Agreement, Plaintiff

11   contends that the Lodge, or any part thereof, is not in full compliance with this

12   Agreement, Plaintiff or his counsel shall promptly notify Defendant in writing, by

13   first class U.S. mail and facsimile, of the specific perceived non-compliance as

14   verified by Plaintiff and give Defendant a sufficient opportunity to cure any

15   alleged deficiencies.  Such notice shall be sent to Defendant as follows:

16          David Gloor
            Herbert Gloor
17          c/o Mariposa Lodge
            P.O. Box 733
18          Mariposa, CA  95338

19   With a copy of the notice sent to:

20          Martin H. Orlick, Esq.
            Jeffer Mangels Butler & Mitchell LLP
21          Two Embarcadero Center, 5th Floor
            San Francisco, CA  94111
22          Fax No.:  (415) 398-5584

23          Within fifteen (15) days from receipt of Plaintiff's written Notice of

24   Non-Compliance Defendant shall acknowledge in writing receipt of said Notice.

25   Defendant shall be allowed twenty (20) days from the date of receipt of Plaintiff's

26   Notice of Non-Compliance to meet and confer with Plaintiff and/or his

27   representatives to address any alleged deficiencies, non-compliance with disabled

28   access laws or discrimination (the "Initial Conference").  Such Notice of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND ORDER  CASE NO. 1:06-CV-02063 AWI-SKO          -4-

1  Non-Compliance from Plaintiff shall specify with particularity the perceived

2  non-compliance.  After the Initial Conference, the Parties shall have an additional

3  fifteen (15) days to either agree upon remediation and a reasonable time frame to

4  complete the work or, if the Parties cannot agree on remediation or the time frame

5  for the work, Plaintiff can exercise his remedy under this Agreement.  If the

6  Parties agree upon the remediation and time frame for the work, Defendant will

7  then have the agreed upon time frame to commence correcting the deficiencies

8  (the "Cure Period").  Written Notice of Non-Compliance to Defendant as provided

9  above, the Initial Conference and the Cure Period described above shall be

10  prerequisites to Plaintiff taking any judicial or administrative action with respect

11  to any claims of discrimination against Defendant.

12

13  **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

14       7.       The parties have reached an agreement regarding Plaintiff's claims for

15  damages in the amount of $10,000, to be paid within 30 days.  The parties have

16  not agreed upon Plaintiff's attorneys fees, litigation expenses and costs.  These

17  matters will be the subject of negotiation or litigation as necessary.  If not settled,

18  Plaintiff may bring a motion to the Court at any date after November 15, 2010, but

19  no later than January 30, 2011.

20

21  **ENTIRE SETTLEMENT AGREEMENT AND ORDER:**

22       8.       This Settlement Agreement and Order constitute the entire agreement

23  between the signing parties on the matters of injunctive relief and damages, and no

24  other statement, promise or agreement, either written or oral, made by any of the

25  parties or agents of any of the parties that is not contained in this written

26  Settlement Agreement and Order shall be enforceable regarding the matters of

27  injunctive relief and Plaintiff's damages described herein.  This Settlement

28  Agreement and Order applies to Plaintiff's claims for injunctive relief and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND ORDER  CASE NO. 1:06-CV-02063 AWI-SKO                    -5-

Plaintiff's damages only and does not resolve Plaintiff's claims for attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.  The parties stipulate that both parties request the Court not dismiss the case, as issues of attorney fees, litigation expenses and costs are still before the Court.

**SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.      This Settlement Agreement and Order shall be binding on Plaintiff TIMOTHY CLEVELAND; Defendants MARIPOSA LODGE and HERBERT GLOOR dba THE MARIPOSA LODGE; and any successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF AND DAMAGES ONLY:**

10.      Each of the parties to this Settlement Agreement and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Settlement Agreement and Order is signed.  Except for all obligations required in this Settlement Agreement and Order, the parties intend that this Settlement Agreement and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement and Order.  Therefore, except for all obligations required in this Settlement Agreement and Order, this Settlement Agreement and Order shall apply to and cover any and all claims,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND ORDER  CASE NO. 1:06-CV-02063 AWI-SKO                    -6-

demands, actions and causes of action by the parties to this Settlement Agreement and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER  MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief and Plaintiff's damage aspects of this action only and does not include resolution of Plaintiff's claims for attorney fees, litigation expenses and costs.

11.    Except for all obligations required in this Settlement Agreement and Order, and exclusive of the referenced continuing claims for statutory attorney fees, litigation expenses and costs, each of the parties to this Settlement Agreement and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

//

**TERM OF THE SETTLEMENT AGREEMENT AND ORDER:**

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO          -7-

12.     This Settlement Agreement and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Settlement Agreement and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for 24 months after the date of this Settlement Agreement, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order.  This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: September 20, 2010          PLAINTIFF TIMOTHY CLEVELAND

                                    /s/ Timothy Cleveland
                                   TIMOTHY CLEVELAND

//

//

//

//

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND ORDER  CASE NO. 1:06-CV-02063 AWI-SKO          -8-

1    Dated: September 21, 2010        DEFENDANT  HERBERT GLOOR dba THE
                                      MARIPOSA LODGE
2

3

4                                     ___/s/ Herbert Gloor_____
                                      HERBERT GLOOR
5

6    APPROVED AS TO FORM:

7    Dated: September 17, 2010        LAW OFFICES OF PAUL L. REIN

8

9                                     By:__/s/ Paul L. Rein_____
                                      PAUL L. REIN, Esq.
10                                    Attorneys for Plaintiff
                                      TIMOTHY CLEVELAND
11

12

13   Dated:  September 21, 2010       JEFFER, MANGELS, BUTLER & MITCHELL
                                      LLP
14

15

16                                    By:____/s/ Martin Orlick_____
                                      MARTIN ORLICK, Esq.
17                                    Attorneys for Defendants Mariposa Lodge and
                                      Herbert  Gloor dba The Mariposa Lodge
18

19

20   IT IS SO ORDERED.

21       Dated:  **September 24, 2010**            _____**/s/ Sheila K. Oberto**_____
                                      UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO                -9-

Exhibit A

Plaintiff's Modified Injunctive Relief Agreement – Mariposa Lodge – 09-03-10

| Defendant review of Plaintiff Issues | Plaintiff Response/Notes |
|---|---|
| **Common Areas** | |
| **I  Accessible Routes on  Site**<br><br>**A. Slope of Path of Travel**<br>**B. Protected Path of Travel** | **Waived by Plaintiff** |
| **II.  Accessible Route to Guestroom 127**<br><br>**A.  Ramp Outside Door to Room 127**<br>  1. **Treatment as a Ramp**<br>  **3. Width of Ramp**<br>  **4. Ramp Run**<br>    **a. Slope**<br>  **5. Handrails**<br>    **a. On Each Side**<br>**B. Sidewalk in Front of Room 123**<br>  **1. Cross Slope of Walk**<br>**C. Ramp Outside Door to Room 124**<br>  **1. Treatment as a Ramp**<br>  **2. Ramp Run**<br>  **3. Handrails**<br>**D. Stairways**<br>  **1. Contrasting Stripe**<br>**2. Handrails**<br>  **a. On Both Sides**<br>  **b. Cross Section of Handrail**<br>**E. Path of Travel**<br>  **1.  Excessive Slopes and Cross Slope**<br>  **2.  Marked Pedestrian Pathway** | **Waived by Plaintiff** |
| **III. Accessible Route to Gazebo**<br><br>**A. Curb Ramp**<br>  **1. Curb Ramps Serving Sidewalk**<br><br>**B. Stairs Into Gazebo**<br>  **1. Handrails**<br>    **a. On Both Sides**<br>  **2. Contrasting Stripe**<br>  **3. Nosing**<br><br>**C. Path of Travel** | **Waived by Plaintiff** |

Exhibit A

| | |
|---|---|
| **IV.  Accessible Route to South Wing (Including Room 134)**<br><br>**A. Curb Ramp**<br>  **1. Curb Ramps Serving Sidewalk**<br>**B. Stairways**<br>  **1. Contrasting Stripe**<br>  **2. Cross Section of Handrail**<br>**C. Sidewalk at Parking Lot Level**<br>**D. Path of Travel**<br>  **1. Excessive Slopes and Cross Slopes**<br>  **2. Marked Pedestrian Pathway** | <u>**Waived by Plaintiff**</u> |
| **V.  Accessible Route to West Wing**<br>**A. Stairways**<br>  **1. Handrails**<br>   **a. Extensions**<br>   **b. Cross Section of Handrail**<br>  **2. Contrasting Stripe**<br>  **3. Risers**<br>**B. Path of Travel**<br>  **1. Excessive Slopes and Cross Slopes**<br>  **2. Marked Pedestrian Pathway** | <u>**Waived by Plaintiff**</u> |
| **VI.  Accessible Route Between Driveway and Swimming Pool**<br>**A.  Gate to Swimming Pool**<br>  **1. Door Landing**<br><br>  **2. 10" Push Plate**<br><br><br>  **3. Hardware**<br>. | <u>**Modification**</u><br>Modify landing at gate to be level<br><br><u>**Modification**</u><br>Add 10" smooth panel to push side of gate.<br><br><u>**Waived by Plaintiff**</u> |
| **VII. Accessible Route From Swimming Pool Level of Site and Accessible Parking**<br>  **A. Slope of Path of Travel**<br><br><br>  **B. Cross Slope of Walk**<br><br><br>  **C. Protected Path of Travel** | <u>**Modification**</u><br>A parking space will be reserved east of the swimming pool.<br><br><u>**Waived by Plaintiff**</u> Reserved parking will be provided by pool<br><br><u>**Waived by Plaintiff**</u> |
| **VIII. Accessible Route Accessible Guestroom #119 and Accessible Parking**<br><br>**A. Ramp From Parking Lot to Room 119**<br>  **1. Treatment as a Ramp**<br>  **2. Ramp Run** | <u>**Modification**</u><br>Modify existing curb ramp or provide new curb ramp, <u>which is located along an accessible route that cannot be obstructed by parked vehicles.</u> |

Exhibit A

| | |
|---|---|
| **a. Slope**<br>**3. Landings**<br>**4. Handrails**<br><br>**B. Protected Path of Travel** | |
| | <u>**Waived by Plaintiff**</u> |
| **Parking on Site** | |
| **I. Parking Lot**<br>  **A. Signage at Entrance to Lot**<br>    **1. Signage Provided** | <u>**Modification**</u><br>Add tow – away sign |
| **B. Number of Parking Spaces**<br>  **1. Total Number**<br>    There are a total of 47 parking spaces provided within this<br>    parking lot. Of those the number designated as accessible is 1,<br>    **which is less than the appropriate number of 2 that are**<br>    **required by the code.** | <u>**Modification**</u><br>Add additional accessible stall. |
| **2. Van Accessible Parking Space #1**<br>  **a. Path of Travel to Facilities on Site**<br>    **i. Designated Accessible Route**<br><br>  **b. Parking Space**<br>    **i. Width** | <u>**Modification**</u><br>All accessible rooms, accessible parking and room check-in are provided at east portion of site. A space will be reserved near the pool for parking in that area. |
| **c. Unloading Zone**<br>    **i. Slope** | <u>**Modification**</u><br>Restripe and regrade accessible parking stall |
| **Swimming Pool** | |
| **I. Swimming Pool**<br>  **A. Gate to Swimming Pool**<br>    **1. Door Landing**<br>    **2. 10" Push Plate**<br>    **3. Hardware** | Repeat of Common Area items, Item VI, page 3 |
| **B. Pool Lift** | Modification<br>Provide Accessible Pool Lift |
| **C. Timer for the Jacuzzi**<br>    **1. Clear Floor Space**<br>    **2. Control** | <u>**Modification**</u><br>Shift control to flattest area feasible nearby. |

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND ORDER  CASE NO. 1:06-CV-02063 AWI-SKO       -12-

Exhibit A

| **D. Emergency Shut Off for the Jacuzzi**<br>    **1. Clear Floor Space** | **Modification**<br>Shift control to flattest area feasible<br> nearby. |
|---|---|
|  |  |

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND ORDER  CASE NO. 1:06-CV-02063 AWI-SKO         -13-

Exhibit A

| | |
|---|---|
| **Motel Office**<br><br>**I.  Path of Travel Into Office**<br>  **A. Stairways**<br>    **1. Handrails**<br>      **a. Extensions**<br>      **b. Cross Section of Handrail**<br>      **c.  Handrails On Both Sides**<br>    **2. Contrasting Stripe**<br><br>**B. Accessible Route to Motel Office** | <br><br>__Waived by Plaintiff__<br><br><br><br>__Modification__<br>**Telephone is provided for in-room check in. Reserved parking will be provided by the pool.**<br><br>__The motel office shall be made accessible by installing a fully compliant accessible parking space at the pool level, creating a 48" wide accessible route between the new parking space and the rear entrance to the Motel Office, install a fully compliant threshold at the rear door to the office, providing a 24" strike edge clearance on the interior side of the door and providing a 34" high (max) writing surface inside the office at a counter, table or desk.  In addition, appropriate signage shall be installed on the site to inform new disabled guests where they need park and where they need to go to check into the office.__ |

LAW OFFICES OF<br>
**PAUL L. REIN**<br>
**200 LAKESIDE DR., SUITE A**<br>
**OAKLAND, CA 94612-3503**<br>
**(510) 832-5001**

COURT ENFORCEABLE SETTLEMENT AGREEMENT<br>
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO    -14-

Exhibit A

| | |
|---|---|
| **II.  Primary Entrance**<br>**.** | **Waived by Plaintiff** |
| **III. Check in Counter**<br>**A. Height of Check -in Counter** | **Waived by Plaintiff** |
| ## Accessible Guestrooms | |
| **I. Guest Room 127**<br>  **A. Entry Door**<br>    **1.  Door Landings**<br>    **2. Hardware**<br>      **a. Door Locking Mechanism**<br>        **i. Key Type**<br>      **b. Door Latch Hardware**<br>        **i. Lever Type Hardware**<br>      **c. Deadbolt**<br>        **i.  Lever Type Hardware**<br>      **d.  Security Chain**<br>        **i. Height**<br>      **e. Security Latch**<br>        **i. Height**<br>  **B. Path of Travel in Living Room**<br>    **1. Path of Travel Throughout Main Room**<br>  **C. Beds in This Room**<br>    **1. Two Beds**<br>  **D. Closet**<br>    **1. Entry Door**<br>    **2. Clothes Rod**<br>    **3. Shelf**<br>  **E. Desk**<br>    **1. Kneespace**<br>  **F. Wall Heater**<br>    **1. Control Hardware**<br>  **G.  Sink Outside Bathroom Door**<br>    **1. Kneespace**<br>    **2. Insulation**<br>    **3. Towel Bars**<br>      **a. Height of Bar**<br>    **4. Hair Dryer**<br>      **a. Height of Bar**<br>  **H.  Bathroom**<br>    **1. Entry Door**<br>      **a. Door Landing**<br>        **i. Length of Landing**<br>        **ii. Strike Edge Clearance** | **Waived by Plaintiff** |

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO          -15-

| | |
|---|---|
| **b. Clear Opening**<br>  **c. Hardware**<br>    **i. Lever Type Hardware**<br>**2. Turn Around Space**<br>**5. Toilet**<br>  **a. Seat Height**<br>  **b. Clear Floor Space in Front of Fixture**<br>    **i. Clear Length**<br>**7. Grab Bars**<br>  **a. Grab Bars Provided** | |
| **II.  Guest Room 105**<br>  **A. Entry Door**<br>    **1. Hardware**<br>      **a. Door Locking Mechanism**<br>        **i. Key Type**<br><br>      **b. Deadbolt**<br>        **i. Lever Type Hardware**<br>      **c. Security Chain**<br>        **i. Height**<br><br>    **2. Peephole**<br><br>    **3. Emergency Signage on Interior Side of Entry Door**<br>      **i. Height**<br>      **ii. Visibility:**<br><br>  **B. Bathroom**<br>    **1. Window -In Restroom**<br>      **a. Operable Mechanism**<br><br>    **2. Sink**<br>      **a. Kneespace**<br><br>    **3. Mirror**<br><br>    **4. Hairdryer**<br><br>    **5. Towel Rack**<br>      **a. Clear Floor Space**<br><br>    **6. Grab Bars**<br>      **a. Rear Grab Bar**<br>        **i. Mounting Height**<br>        **ii. Usability of Grab Bar**<br>      **b. Side Grab Bar**<br>        **iv. Mounting Height** | **Modification**<br>Provide larger key or supplemental attachment (key ring) that does not require pinching or grasping<br><br>**Modification** Install new deadbolt<br>**Modification** Relocate security chain to<br>44" maximum above the floor.<br><br>**Modification** Provide additional peephole at 36" - 42" above the floor<br><br>**Modification**<br>Lower existing sign<br><br><br>**Waived by Plaintiff**<br><br>**Modification** Provide 29" clearance under front of lavatory<br><br>**Waived by Plaintiff**<br><br>**Waived by Plaintiff**<br><br>**Modification** Relocate towel rack<br><br>**Waived by Plaintiff**<br><br>**Modification** Relocate towel rack above grab bar. |

Exhibit A

| | |
|---|---|
| **7. Shower Stall**<br>    **a. Size of Shower Stall**<br>    **b. Grab Bars**<br>       **i. 30" by 60" Roll in Shower Stall**<br><br>    **c. Slope of Floor**<br>       **i. Shower Drain** | <u>**Waived by Plaintiff**</u><br><br><u>**Waived by Plaintiff**</u><br><br><u>**Modification**</u><br>Modify slope of floor at drain to be under 2% slope or provide larger drain cover |
| **III. Guest Room 119**<br>**A. Entry Door**<br>    **1. Hardware**<br>       **a. Door Locking Mechanism**<br>         **I. Key Type**<br><br>       **b. Deadbolt**<br>         **i. Lever Type Hardware**<br><br><br>       **c. Security Chain**<br>         **i. Height**<br><br>    **2. Peephole**<br><br><br>    **3. Emergency Signage on Interior Side of Entry Door**<br>       **i. Height** | <u>**Modification**</u><br>Provide larger key or supplemental attachment to key.<br><br><u>**Modification**</u><br>Replace existing deadbolt with larger lever<br><br><u>**Modification**</u><br>Lower chain to 44" above the floor<br><br><u>**Modification**</u><br>Provide additional peephole at 36" 42" high.<br><u>**Modification**</u><br>Lower the existing sign height on the back of the door. |
| **B. Bathroom**<br>    **1. Turn Around Space**<br><br><br>    **2. Window – In Restroom**<br>       **a. Height of Operable Mechanism**<br><br>    **3. Toilet**<br>       **a. Clear Floor Space in Front of Fixture**<br>         **i. Clear Length**<br>       **b. Clear Floor Space Beside Fixture**<br>         **i. Between Toilet and Wall**<br>    **4. Grab Bars**<br>       **a. Side Grab Bar**<br>         **i. Knuckle Space**<br>         **ii. Usability of Grab Bar**<br><br>    **5. Towel Bars** | <u>**Modification:**</u><br>A compliant "T" turn or replacement of the tub with a roll in shower will be provided.<br><br><u>**Waived by Plaintiff**</u>.<br><br><u>**Modification**</u><br>Provide roll in shower in place of tub<br><br><u>**Modification**</u><br>Modify side partition or toilet location to provide <u>32</u>" side clearance.<br><br><u>**Modification**</u><br>Replace grab bar |

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO                -17-

Exhibit A

| | Modification |
|---|---|
| **a. Behind Toilet**<br>    **i. Clear Floor Space** | Relocate towel bar. |
| **6. Bathtub**<br>   **a.  Controls**<br>     **i. Height** | **Modification**<br>Modify or provide new roll in shower |
| **b. Bathtub Grab Bars**<br>   **i. Grab Bar at the Head of Bathtub**<br>    **I. Height** | **Modification**<br>Modify grab bars or provide new roll in shower |
|    **ii. Grab Bar on the Back Wall of Bathtub**<br>    **i. Number of Grab Bars**<br>    **ii. Height**<br>    **iii. Grab Bar at the Foot of Bathtub**<br>     **1. Height** | **Modification**<br>Modify grab bars or provide new roll in shower |

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND  ORDER  CASE NO. 1:06-CV-02063 AWI-SKO     -18-