PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
TIMOTHY CLEVELAND

MARTIN H. ORLICK, Esq.
JEFFER, MANGELS, BUTLER & MITCHELL LLP
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: 415/398-8080
Facsimile: 415/398-5584
mho@jmbm.com

Attorneys for Defendant
HERBERT GLOOR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>    Plaintiff,<br><br>v.<br><br>MARIPOSA LODGE; JOAN GLOOR and HERBERT GLOOR dba THE MARIPOSA LODGE; and DOES 1-10, INCLUSIVE,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-02063-AWI-SKO<br>Civil Rights<br><br>**COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER [AS TO INJUNCTIVE RELIEF AND PLAINTIFF'S DAMAGES ONLY]** |

1.  Plaintiff TIMOTHY CLEVELAND filed a Complaint in this action on November 24, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO            -1-                    K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

§§ 12101 *et seq.*, and California civil rights laws against Defendants MARIPOSA LODGE and HERBERT GLOOR dba THE MARIPOSA LODGE (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of May 23, 2008, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 5052 Highway 140, Mariposa, California.

2. Defendants deny the allegations in the Complaint. The parties hereby enter into this Court Enforceable Settlement Agreement and Order for the purpose of resolving injunctive relief and damages aspects of this lawsuit without the need for protracted litigation. Issues of attorney fees, costs and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3. The parties to this Settlement Agreement and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Settlement Agreement and Order agree to entry of this Order to resolve all claims regarding injunctive relief and Plaintiff's damages raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief and damages .

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                -2-                K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

WHEREFORE, the parties to this Settlement Agreement and Order hereby agree and stipulate to the Court's entry of this Settlement Agreement and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.      This Settlement Agreement and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and Plaintiff's damages that have arisen out of the subject Complaint.

6.      The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order.

a)      **Remedial Measures:** Defendants agree to perform corrective work at the Mariposa Lodge, 5052 Highway 140, Mariposa, California ("Lodge"). The scope of the corrective work agreed upon by the parties is described in **Exhibit A**, attached to this Settlement Agreement.

b)      **Timing of Injunctive Relief**:   Defendants will submit plans for all corrective work to the appropriate governmental agencies within 60 days of the entry of this Settlement Agreement and Order by the Court.  Defendants will commence work within 30 days of receiving approval from the appropriate agencies, except they shall commence work by May 1, 2011 as to exterior items. Defendants will complete all work within 90 days of commencement, except as specified above.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                -3-                K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

work is completed, and in any case will provide a status report no later than 180 days from the entry of this Settlement Agreement and Order.

    c) Defendants will notify Plaintiff in writing at the end of 180 days as to the current status of agreed to injunctive relief, and every 90 days thereafter until all access is provided.  If Defendants fail to provide injunctive relief on the agreed to timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney fees for all compliance work necessitated by Defendants' failure to keep their agreement.

    d) **Notice and Opportunity to Cure for Alleged Breach of This Agreement:** If at any time after the Effective Date of this Agreement, Plaintiff contends that the Lodge, or any part thereof, is not in full compliance with this Agreement, Plaintiff or his counsel shall promptly notify Defendant in writing, by first class U.S. mail and facsimile, of the specific perceived non-compliance as verified by Plaintiff and give Defendant a sufficient opportunity to cure any alleged deficiencies.  Such notice shall be sent to Defendant as follows:

  David Gloor
  Herbert Gloor
  c/o Mariposa Lodge
  P.O. Box 733
  Mariposa, CA  95338

With a copy of the notice sent to:

  Martin H. Orlick, Esq.
  Jeffer Mangels Butler & Mitchell LLP
  Two Embarcadero Center, 5th Floor
  San Francisco, CA  94111
  Fax No.: (415) 398-5584

Within fifteen (15) days from receipt of Plaintiff's written Notice of Non-Compliance Defendant shall acknowledge in writing receipt of said Notice. Defendant shall be allowed twenty (20) days from the date of receipt of Plaintiff's Notice of Non-Compliance to meet and confer with Plaintiff and/or his representatives to address any alleged deficiencies, non-compliance with disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO   -4-   K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

access laws or discrimination (the "Initial Conference").  Such Notice of Non-Compliance from Plaintiff shall specify with particularity the perceived non-compliance.  After the Initial Conference, the Parties shall have an additional fifteen (15) days to either agree upon remediation and a reasonable time frame to complete the work or, if the Parties cannot agree on remediation or the time frame for the work, Plaintiff can exercise his remedy under this Agreement.  If the Parties agree upon the remediation and time frame for the work, Defendant will then have the agreed upon time frame to commence correcting the deficiencies (the "Cure Period").  Written Notice of Non-Compliance to Defendant as provided above, the Initial Conference and the Cure Period described above shall be prerequisites to Plaintiff taking any judicial or administrative action with respect to any claims of discrimination against Defendant.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

7.   The parties have reached an agreement regarding Plaintiff's claims for damages in the amount of $10,000, to be paid within 30 days.  The parties have not agreed upon Plaintiff's attorneys fees, litigation expenses and costs.  These matters will be the subject of negotiation or litigation as necessary.  If not settled, Plaintiff may bring a motion to the Court at any date after November 15, 2010, but no later than January 30, 2011.

**ENTIRE SETTLEMENT AGREEMENT AND ORDER:**

8.   This Settlement Agreement and Order constitute the entire agreement between the signing parties on the matters of injunctive relief and damages, and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties that is not contained in this written Settlement Agreement and Order shall be enforceable regarding the matters of injunctive relief and Plaintiff's damages described herein.  This Settlement

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                -5-                K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

Agreement and Order applies to Plaintiff's claims for injunctive relief and Plaintiff's damages only and does not resolve Plaintiff's claims for attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation. The parties stipulate that both parties request the Court not dismiss the case, as issues of attorney fees, litigation expenses and costs are still before the Court.

**SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.   This Settlement Agreement and Order shall be binding on Plaintiff TIMOTHY CLEVELAND; Defendants MARIPOSA LODGE and HERBERT GLOOR dba THE MARIPOSA LODGE; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF AND DAMAGES ONLY:**

10.   Each of the parties to this Settlement Agreement and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Settlement Agreement and Order is signed. Except for all obligations required in this Settlement Agreement and Order, the parties intend that this Settlement Agreement and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement and Order. Therefore, except for all obligations required in this Settlement Agreement and Order, this

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO        -6-            K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

Settlement Agreement and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Settlement Agreement and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER  MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief and Plaintiff's damage aspects of this action only and does not include resolution of Plaintiff's claims for attorney fees, litigation expenses and costs.

11.   Except for all obligations required in this Settlement Agreement and Order, and exclusive of the referenced continuing claims for statutory attorney fees, litigation expenses and costs, each of the parties to this Settlement Agreement and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

//

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO         -7-         K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

**TERM OF THE SETTLEMENT AGREEMENT AND ORDER:**

12. This Settlement Agreement and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Settlement Agreement and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for 24 months after the date of this Settlement Agreement, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order. This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: September __, 2010     PLAINTIFF TIMOTHY CLEVELAND

_____
TIMOTHY CLEVELAND

//
//
//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO     -8-     K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd

```
Dated: September __, 2010        DEFENDANT MARIPOSA LODGE


                                 By: _____
                                 Print name:_____
                                 Title: _____



Dated: September __, 2010        DEFENDANT HERBERT GLOOR dba THE
                                 MARIPOSA LODGE



                                 _____
                                 HERBERT GLOOR


APPROVED AS TO FORM:

Dated: September __, 2010        LAW OFFICES OF PAUL L. REIN



                                 By:_____
                                    PAUL L. REIN, Esq.
                                    Attorneys for Plaintiff
                                    TIMOTHY CLEVELAND



Dated:  September __, 2010       JEFFER, MANGELS, BUTLER & MITCHELL
                                 LLP



                                 By:_____
                                    MARTIN ORLICK, Esq.
                                    Attorneys for Defendants Mariposa Lodge and
                                    Herbert Gloor dba The Mariposa Lodge
```

### ORDER

Pursuant to stipulation, and for good cause shown,

IT IS SO ORDERED.

Dated:  September 24, 2010                    _____
                                              CHIEF UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO         -9-         K:\AWI\To_Be_Signed\09cv2061.stip.part dismissal.wpd