PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
TIMOTHY CLEVELAND

MARTIN H. ORLICK, Esq.
JEFFER, MANGELS, BUTLER & MITCHELL LLP
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:  415/398-8080
Facsimile:   415/398-5584
mho@jmbm.com

Attorneys for Defendant
HERBERT GLOOR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

TIMOTHY CLEVELAND,

     Plaintiff,

v.

MARIPOSA LODGE; JOAN
GLOOR and HERBERT GLOOR
dba THE MARIPOSA LODGE;
and DOES 1-10, INCLUSIVE,

     Defendants.
_____/

Case  No. 1:09-cv-02063-AWI-SKO
Civil Rights

**COURT ENFORCEABLE
SETTLEMENT AGREEMENT AND
ORDER [AS TO INJUNCTIVE RELIEF
AND PLAINTIFF'S DAMAGES ONLY]**

1.   Plaintiff TIMOTHY CLEVELAND filed a Complaint in this action on November 24, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO
-1-

K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

1   §§ 12101 *et seq.*, and California civil rights laws against Defendants MARIPOSA

2   LODGE and HERBERT GLOOR dba THE MARIPOSA LODGE (together

3   sometimes "Defendants"), relating to the condition of Defendants' public

4   accommodations as of May 23, 2008, and continuing.  Plaintiff has alleged that

5   Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and

6   55 of the California Civil Code, and sections 19955 *et seq.* of the California

7   Health & Safety Code by failing to provide full and equal access to their facilities

8   at 5052 Highway 140, Mariposa, California.

9        2.    Defendants deny the allegations in the Complaint.  The parties

10  hereby enter into this Court Enforceable Settlement Agreement and Order for the

11  purpose of resolving injunctive relief and damages aspects of this lawsuit without

12  the need for protracted litigation.  Issues of attorney fees, costs and expenses will

13  be the subject of further negotiations and litigation if necessary.

14

15  **JURISDICTION:**

16       3.    The parties to this Settlement Agreement and Order agree that the

17  Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for

18  alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C.

19  sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged

20  violations of California Health & Safety Code sections 19955 *et seq.*; Title 24,

21  California Code of Regulations; and California Civil Code sections 51, 52, 54,

22  54.1, 54.3, and 55**.**

23       4.    In order to avoid the costs, expense, and uncertainty of protracted

24  litigation, the parties to this Settlement Agreement and Order agree to entry of

25  this Order to resolve all claims regarding injunctive relief and Plaintiff's damages

26  raised in the Complaint filed with this Court.  Accordingly, they agree to the entry

27  of this Order without trial or further adjudication of any issues of fact or law

28  concerning Plaintiff's claims for injunctive relief and damages .

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                    -2-                    K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

WHEREFORE, the parties to this Settlement Agreement and Order hereby agree and stipulate to the Court's entry of this Settlement Agreement and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.     This Settlement Agreement and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and Plaintiff's damages that have arisen out of the subject Complaint.

6.     The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order.

a)     **Remedial Measures:** Defendants agree to perform corrective work at the Mariposa Lodge, 5052 Highway 140, Mariposa, California ("Lodge"). The scope of the corrective work agreed upon by the parties is described in **Exhibit A**, attached to this Settlement Agreement.

b)     **Timing of Injunctive Relief**:  Defendants will submit plans for all corrective work to the appropriate governmental agencies within 60 days of the entry of this Settlement Agreement and Order by the Court.  Defendants will commence work within 30 days of receiving approval from the appropriate agencies, except they shall commence work by May 1, 2011 as to exterior items. Defendants will complete all work within 90 days of commencement, except as specified above.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                     -3-

K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

1    work is completed, and in any case will provide a status report no later than 180

2    days from the entry of this Settlement Agreement and Order.

3              c)    Defendants will notify Plaintiff in writing at the end of 180

4    days as to the current status of agreed to injunctive relief, and every 90 days

5    thereafter until all access is provided.   If Defendants fail to provide injunctive

6    relief on the agreed to timetable and/or fail to provide timely written status

7    notification, and Plaintiff files a motion with the Court to obtain compliance with

8    these terms, Plaintiff reserves the right to seek additional attorney fees for all

9    compliance work necessitated by Defendants' failure to keep their agreement.

10              d)    **Notice and Opportunity to Cure for Alleged Breach of This**

11   **Agreement:**   If at any time after the Effective Date of this Agreement, Plaintiff

12   contends that the Lodge, or any part thereof, is not in full compliance with this

13   Agreement, Plaintiff or his counsel shall promptly notify Defendant in writing, by

14   first class U.S. mail and facsimile, of the specific perceived non-compliance as

15   verified by Plaintiff and give Defendant a sufficient opportunity to cure any

16   alleged deficiencies.  Such notice shall be sent to Defendant as follows:

17              David Gloor
             Herbert Gloor
18              c/o Mariposa Lodge
             P.O. Box 733
19              Mariposa, CA  95338

20   With a copy of the notice sent to:

21              Martin H. Orlick, Esq.
             Jeffer Mangels Butler & Mitchell LLP
22              Two Embarcadero Center, 5th Floor
             San Francisco, CA  94111
23              Fax No.:  (415) 398-5584

24              Within fifteen (15) days from receipt of Plaintiff's written Notice of

25   Non-Compliance Defendant shall acknowledge in writing receipt of said Notice.

26   Defendant shall be allowed twenty (20) days from the date of receipt of Plaintiff's

27   Notice of Non-Compliance to meet and confer with Plaintiff and/or his

28   representatives to address any alleged deficiencies, non-compliance with disabled

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO        -4-

K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

1   access laws or discrimination (the "Initial Conference").  Such Notice of

2   Non-Compliance from Plaintiff shall specify with particularity the perceived

3   non-compliance.  After the Initial Conference, the Parties shall have an additional

4   fifteen (15) days to either agree upon remediation and a reasonable time frame to

5   complete the work or, if the Parties cannot agree on remediation or the time frame

6   for the work, Plaintiff can exercise his remedy under this Agreement.  If the

7   Parties agree upon the remediation and time frame for the work, Defendant will

8   then have the agreed upon time frame to commence correcting the deficiencies

9   (the "Cure Period").  Written Notice of Non-Compliance to Defendant as

10  provided above, the Initial Conference and the Cure Period described above shall

11  be prerequisites to Plaintiff taking any judicial or administrative action with

12  respect to any claims of discrimination against Defendant.

13

14  **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

15          7.      The parties have reached an agreement regarding Plaintiff's claims

16  for damages in the amount of $10,000, to be paid within 30 days.  The parties

17  have not agreed upon Plaintiff's attorneys fees, litigation expenses and costs.

18  These matters will be the subject of negotiation or litigation as necessary.  If not

19  settled, Plaintiff may bring a motion to the Court at any date after November 15,

20  2010, but no later than January 30, 2011.

21

22  **ENTIRE SETTLEMENT AGREEMENT AND ORDER:**

23          8.      This Settlement Agreement and Order constitute the entire agreement

24  between the signing parties on the matters of injunctive relief and damages, and

25  no other statement, promise or agreement, either written or oral, made by any of

26  the parties or agents of any of the parties that is not contained in this written

27  Settlement Agreement and Order shall be enforceable regarding the matters of

28  injunctive relief and Plaintiff's damages described herein.  This Settlement

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                          -5-                          K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

Agreement and Order applies to Plaintiff's claims for injunctive relief and Plaintiff's damages only and does not resolve Plaintiff's claims for attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.  The parties stipulate that both parties request the Court not dismiss the case, as issues of attorney fees, litigation expenses and costs are still before the Court.

**SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.    This Settlement Agreement and Order shall be binding on Plaintiff TIMOTHY CLEVELAND; Defendants MARIPOSA LODGE and HERBERT GLOOR dba THE MARIPOSA LODGE; and any successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF AND DAMAGES ONLY:**

10.    Each of the parties to this Settlement Agreement and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Settlement Agreement and Order is signed.  Except for all obligations required in this Settlement Agreement and Order, the parties intend that this Settlement Agreement and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement and Order.  Therefore, except for all obligations required in this Settlement Agreement and Order, this

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                    -6-                    K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

1   Settlement Agreement and Order shall apply to and cover any and all claims,

2   demands, actions and causes of action by the parties to this Settlement Agreement

3   and Order with respect to the lawsuit, whether the same are known, unknown or

4   hereafter discovered or ascertained, and the provisions of Section 1542 of the

5   California Civil Code are hereby expressly waived.  Section 1542 provides as

6   follows:

7   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**

8   **WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT**

9   **TO EXIST IN HIS OR HER FAVOR AT THE TIME OF**

10   **EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**

11   **OR HER  MUST HAVE MATERIALLY AFFECTED HIS**

12   **SETTLEMENT WITH THE DEBTOR.**

13

14   This waiver applies to the injunctive relief and Plaintiff's damage aspects of this

15   action only and does not include resolution of Plaintiff's claims for attorney fees,

16   litigation expenses and costs.

17       11.    Except for all obligations required in this Settlement Agreement and

18   Order, and exclusive of the referenced continuing claims for statutory attorney

19   fees, litigation expenses and costs, each of the parties to this Settlement

20   Agreement and Order, on behalf of each, their respective agents, representatives,

21   predecessors, successors, heirs, partners and assigns, releases and forever

22   discharges each other Party and all officers, directors, shareholders, subsidiaries,

23   joint venturers, stockholders, partners, parent companies, employees, agents,

24   attorneys, insurance carriers, heirs, predecessors, and representatives of each

25   other Party, from all claims, demands, actions, and causes of action of whatever

26   kind or nature, presently known or unknown, arising out of or in any way

27   connected with the lawsuit.

28   //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                    -7-

K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

**TERM OF THE SETTLEMENT AGREEMENT AND ORDER:**

12.     This Settlement Agreement and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Settlement Agreement and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for 24 months after the date of this Settlement Agreement, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order.  This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: September 14, 2010          PLAINTIFF TIMOTHY CLEVELAND


_/s/ Timothy Cleveland_____
TIMOTHY CLEVELAND

//
//
//
//

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO          -8-          K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd

1

2

3

4

5

6 Dated: September 14, 2010          DEFENDANT  HERBERT GLOOR dba THE
                                    MARIPOSA LODGE

7

8
                                         /s/ Herbert Gloor
9                                   HERBERT GLOOR

10

11 APPROVED AS TO FORM:

12 Dated: September 14, 2010          LAW OFFICES OF PAUL L. REIN

13

14                                  By:   /s/ Paul L. Rein
                                    PAUL L. REIN, Esq.
15                                  Attorneys for Plaintiff
                                    TIMOTHY CLEVELAND
16

17

18 Dated:  September 14, 2010         JEFFER, MANGELS, BUTLER & MITCHELL
                                    LLP
19

20
                                    By:    /s/ Martin Orlick
21                                  MARTIN ORLICK, Esq.
                                    Attorneys for Defendants Mariposa Lodge and
22                                  Herbert  Gloor dba The Mariposa Lodge

23

24                                  **ORDER**

25        Pursuant to stipulation, and for good cause shown,

26 IT IS SO ORDERED.

27
   Dated:     September 24, 2010
28                                  CHIEF UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COURT ENFORCEABLE SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
CASE NO. 1:06-CV-02063 AWI-SKO                        -9-                        K:\AWI\To_Be_Signed\09cv2063.stip.dismissal.wpd