IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,        )<br>                                                    )<br>          Plaintiff,                        )<br>                                                    )<br>     v.                                          )<br>                                                    )<br>MARIPOSA LODGE, et al.,        )<br>                                                    )<br>          Defendants.                  )<br>_____) | 1:09-CV-2063  AWI SKO<br><br>ORDER FOR PLAINTIFF TO<br>SHOW CAUSE |

      This case was filed on November 24, 2009. See Court's Docket Doc. No. 1.  On September 14, 2010, a settlement was reached and the terms of the settlement was placed on the record before the Magistrate Judge. See id. at Doc. No. 25.  A formal settlement agreement was signed on September 24 and 27, 2010. See id. at Doc. No. 28, 30.[1]  The formal settlement agreement states that it relates to injunctive relief and plaintiff's damages only, and that attorneys' fees and costs will be decided at a later time. See id.  Docket Entry 25, which is the entry noting settlement, indicates that if the remaining issues did not settle, then Plaintiff may file a motion after November 15, 2010, but no later than January 30, 2011. See id. at Doc. No. 25. These dates for filing a motion regarding costs and fees also appears in the approved written

---

[1] The settlement agreement was signed by both the undersigned and the Magistrate Judge.

settlement.  See id. at Doc. Nos. 28, 30.  It is after January 30, 2011, and there have been no filings in this matter since the Court approved the settlement on September 27, 2010.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. Pro. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010).  While the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances."  Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005).  "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'"  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994); Ferdik, 963 F.2d at 1260-61; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).  In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Omstead, 594 F.3d at 1084; Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Henderson, 779 F.2d at 1423-24.  Also, a dismissal for failure to prosecute must be supported by a showing of unreasonable delay.  Omstead, 594 F.3d at 1084; Henderson, 779 F.2d at 1424.

This case has come to a stand still.  As outlined above, the Court has not heard from Plaintiff, there have been no filings in this case for over eight months, and the deadline for filing a motion on the outstanding issues has passed.  Under these circumstances, the Court has grave concerns that Plaintiff has abandoned this case.  Plaintiff will be ordered to show cause in writing why this case should not be dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is to show cause in writing on or by 3:00 p.m. on May 11, 2011, why this case should not be dismissed for failure to prosecute and/or the failure to obey a court order;[2] and

2. PLAINTIFF IS HEREBY WARNED THAT THE FAILURE TO FOLLOW THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS, WHICH MAY INCLUDE DISMISSAL OF THIS CASE WITH PREJUDICE AND WITHOUT FURTHER WARNING.

IT IS SO ORDERED.

Dated:  May 2, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If this matter has settled, then Plaintiff is likely in violation of Local Rule 160. Should Plaintiff's response to this order indicate that the matter has fully settled, Plaintiff should show cause why he should not be sanctioned for not informing the Court of settlement as required by Local Rule 160. See Local Rules 110, 160; Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995).